Whyte, Judge,
delivered, the opinion of the court. Jaijies Tilford brought an action of detinue in the circuit court of Washington county against Henderson Clark, and gave a bond for the prosecution of the suit, with John G. Eason, in the following words: “Know all men by these presents, that we James Tilford and John G. Eason, are held and firmly bound unto Henderson Clark in tbe penal sum of ‡500; to be void on condition, that said James Til-ford shall prosecute a suit this day commenced by him in the circuit court of Washington county with etfect, or in case of failure, pay all costs and charges which.may accrue for wrongfully bringing the same. Witness our hands and seals, this 10th of February, 1821.
James Tileord, [seal.']
John G. Eason, [seai.”]
It appears from the record that the above action in det-inue was determined against the plaintiff, Tilford, by his suffering a nonsuit, and judgment that the defendant go without day and recover of the plaintiff the costs, &c. on which judgment a fufa, issued, and was returned by the sheriff, no property of Tilford found in my county: an alias fi. fa. issued, and upon return thereof, a ca. sa. issued and was returned not found. A. scire facias was then issued upon this record of recovery against Eason, charging him as plaintiffs securily for the prosecution of the suit, and stating the facts upon which his, Eason’s liability, to pay the costs is founded, and among other facts the substance of the bond and condition entered into by Eason is set forth; oyer of the bondand condition was prayed and had,and a general demurrer is put into the scire facias. The circuit court gave *523 judgment that the demurrer be overruled, and that the plaintiff in the scire facias recover against the defendant, John G. Eason, the costs of the suit demanded by the scire facias, and also the costs of the suit by scire facias.
The‘general demurrer puts the question to the court, whether upon the whole record, the plaintiff jn the scire facias has shown a sufficient title to recover, or any right, authorizing a judgment in his favor. Admitting all the facts stated in making out the plaintiff’s title for a recovery, to be sufficient in law for the support of those parts in its formation they were intended to effect, is the prosecution bond, constituting one of those facts, good inlaw? ) We are of opinion it is not. It is void for uncertainty. The act of assembly requires before the issuing any writ, that sufficient security be taken by the clerk of the person so applying, conditioned that they shall prosecute such suit or suits they may so commence, &c. The condition is, that James Tilford shall prosecute a suit this day commenced by him in the circuit court of Washington county with effect, &c. It does not state against whom commenced, whether A, B or C; and if the person had been named against whom commenced, it does not particularize it, by saying what kind of suit, as detinue, case, debt, covenant or trespass. It is possible that the same plaintiff may have commenced several distinct suits against several different persons at the same time, and on the same day; and nothing appears on this security bond who is the defendant, and what is the species of suit.
For this reason the judgment of the circuit court must be reversed'; and this court, giving such judgment as the circuit court ought to have given, sustains the demurrer, and adjudges the defendant to go without day, and recover his costs, &c.
Judgment reversed.